639 S.E.2d 45

**In the Matter of Benjamin R. MATTHEWS, Respondent.**

No. 26237.

Supreme Court of South Carolina.

Submitted Oct. 31, 2006.

Decided Dec. 11, 2006.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

J. Steedley Bogan, of Columbia, for respondent.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. Respondent further agrees to pay the costs associated with ODC's investigation into this matter. We accept the agreement and issue a public reprimand. Within thirty (30) days of the date of this opinion, respondent shall fully reimburse ODC for its costs associated with its investigation into this matter. The facts, as set forth in the agreement, are as follows.

### FACTS

### *Matter I*

Respondent represented Buyer in a real estate closing. Seller, who lived out of state, was represented by another attorney for the purposes of deed preparation. Seller's attorney was to have the deed executed and delivered to respondent's non-lawyer assistant for recording at the courthouse after closing.

Prior to the closing, Seller's attorney faxed respondent the signed deed which listed Buyer and his wife "as joint tenants

with right of survivorship and not as tenants in common" (Deed # 1). This was in accordance with the instructions Seller's attorney received from the broker. Upon review of Deed # 1 and at the request of Buyer and his wife, respondent contacted Seller's attorney prior to closing and asked that the grantee be changed to Buyer only. The Seller's attorney then faxed a revised but unsigned deed for respondent's review (Deed # 2).

Seller's attorney did not hear back from respondent regarding her fax. Accordingly, Deed # 2 was not executed. Instead, Seller's attorney delivered Deed # 1 to the courthouse as planned. Deed # 1 was recorded on September 21, 2004.

At some time prior to recordation, Deed # 1 was altered to strike out Buyer's wife's name, but not the tenancy clause. It is unknown who altered Deed # 1; however, there is no evidence that it was done by respondent or Seller's attorney or at their direction. Apparently, it was altered by a staff person attempting to comply with Buyer's request to have the property titled in his name alone.

When Buyer received the recorded deed, he compared it to the copy he had been given by respondent's staff at closing. Apparently, Buyer had been given the first page of the correctly worded deed faxed to respondent prior to closing (Deed # 2) with the tenancy clause whited out so as to make it appear that Buyer was the sole grantee. Although the alteration of the copy provided to Buyer was not done by respondent or at his direction, respondent admits that it was done by a non-lawyer subject to his supervision.

Respondent acknowledges that by accepting more legal work than he and his staff could competently and diligently handle, he created an atmosphere in which his non-lawyer staff believed it was appropriate to attempt to resolve problems, such as the problem with Buyer's deed, without his assistance or review.

### Matter II

On June 23, 2004, respondent conducted a real estate closing. As of June 27, 2005, respondent had not provided the lender with the closing documents, including the recorded mortgage, the final title opinion, and the final title opinion.

Respondent failed to respond to repeated letters and telephone calls from the lender and its attorney inquiring into the status of the closing documents. It was not until October 2005, after this grievance was filed, that respondent sent the documents to the lender. Although the mortgage had been timely filed, the delay resulted in respondent's untimely issuance of final title opinions and policies.

Respondent admits that, at times, he was more than two years behind in issuing some final title opinions and policies. The backlog involved as many as 700 files and more than $40,000 in premiums.

Respondent has now left private practice. Before closing out his books, he hired staff to assist him in preparation and issuance of all outstanding title insurance opinions and policies.

## *Matter III*

Respondent delegated the responsibility of reconciling his trust accounts to a non-lawyer assistant without providing proper training or supervision. Although the accounts were reconciled every month, the non-lawyer assistant was not given appropriate instruction about how to recognize potential errors requiring respondent's attention. As a result, for more than seven (7) months respondent was not made aware of three significant deposit errors in October, November, and December 2004. In each of these months, incoming funds were deposited into the wrong account. Disbursements were made from the correct account, causing the balance in that account to drop below the amounts respondent should have maintained for other pending matters. Because the account contained a substantial balance of unpaid title insurance premiums, no checks were returned.

When respondent discovered the errors, he transferred the deposited funds into the correct account. Although no client or third party suffered any loss, respondent acknowledges that he created significant risk of loss to others by failing to adequately manage his trust account.

## *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.15 (lawyer shall safe keep client funds and property); and Rule 5.3 (lawyer having authority over non-lawyer assistant shall make reasonable efforts to ensure person's conduct is compatible with professional obligations). Respondent further admits his conduct violated the recordkeeping provisions of Rule 417, SCACR. Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct. Within thirty (30) days of the date of this opinion, respondent shall fully reimburse ODC for its costs associated with its investigation into this matter.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.